UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSCAR HARRIS, JR.,

    Plaintiff,

v.

                                        Case No. 3:25-cv-156-TJC-MCR

KHIVCHA MATSABERIDZE, et al.,

    Defendants.

## O R D E R

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Upon review of this case, the Court finds that the jurisdictional allegations are lacking. Defendants invoke diversity of citizenship but have not sufficiently alleged that the parties are citizens of different states or sufficiently established the amount in controversy. See Doc. 1; cf. 28 U.S.C. § 1441; 28 U.S.C. § 1332(a).

Defendants' notice of removal states that Plaintiff should be presumed to be a Florida citizen. Doc. 1 ¶12. The legal and factual support are insufficient. Defendants argue that residence is presumed to be a person's domicile, but this is not the proper standard.[1] See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th

---

[1] Defendants purport to quote language from Jones v. Law Firm of Hill

Cir. 1995) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). The only factual support for Plaintiff's residency is a redacted police report listing Plaintiff's address as Jacksonville, but Defendants also claim Plaintiff is a resident of Lee County without providing support. Compare Doc. 1 ¶ 11, with Doc. 1 ¶12. The police report listing Plaintiff's address is not enough.

Second, Defendants fail to show the amount in controversy exceeds $75,000.00. Defendants cite to the state civil cover sheet, but this does not properly establish the amount in controversy. See Martinez-Lopez v. Bowden, No. 3:23-cv-36-TJC-LLL, 2024 WL 1252381 (M.D. Fla. March 25, 2024). Defendants assert that Plaintiff's pre-suit demand was in excess of the jurisdictional amount, but do not present any support. See Doc. 1 ¶ 24. The bare assertion is insufficient. "A removing defendant bears the burden of proving proper jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citations omitted). When a plaintiff pleads a non-specific amount of damages, the defendant(s) may use additional evidence or documents outside of the record to prove by a preponderance of evidence that removal is proper. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754−55, 759, 765−68 (11th

---

and Ponton, but the language is a paraphrase and not a quote. 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). The Jones court also states any presumption is merely an aid to Court. Id.; see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (noting domicile and residence are not synonymous).

2

Cir. 2010) (describing various evidentiary materials upon which defendants may rely to support the amount in controversy).

Accordingly, it is hereby

**ORDERED:**

Defendants are directed to file a jurisdictional supplement up to seven pages **no later than March 7, 2025**. If Defendants do not supplement the notice of removal, the Court will remand the case.

**DONE AND ORDERED** in Jacksonville, Florida, the 20th day of February, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

3